UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SAFAVIEH INTL, LLC, : | Case No. 1:24-cv-3682 |
| Plaintiff, : | **COMPLAINT** |
| -- against -- : | |
| DONG HENG, D/B/A XLHOMO and DOES 1-10, : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff, Safavieh Intl, LLC ("Safavieh" or "Plaintiff"), by its attorneys, as and for its Amended Complaint against Defendants Dong Heng, d/b/a XLHOMO (the "Corporate Defendant") and Does 1-10 (together, "Defendants" or "XLHOMO"), alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement in violation of the copyright laws of the United States, namely, 17 U.S.C. § 501.

2. Plaintiff brings this action based on Defendants' unauthorized sale and distribution of Plaintiff's rug designs, which are the subjects of U.S. copyright registrations. Plaintiff seeks preliminary and permanent injunctive relief, compensatory, statutory, and punitive damages, and recovery of their reasonable costs and attorneys' fees.

## THE PARTIES

3. Plaintiff, Safavieh Intl, LLC, is a New York limited liability company, having an office and place of business located at 89 Seventh Avenue, New York, New York.

4. Upon information and belief, based on the information provided by Amazon, the Corporate Defendant is a Chinese limited company located at 43 Maomiaoji Street, Baiquan,

Wuhan, East-West Lake, Hubei Province 430000, Republic of China.

5. Upon information and belief, at all relevant times, Defendants Does 1-10 were and are the moving, active and conscious forces behind defendant the Corporate Defendant's copyright, trademark and patent infringement.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1338, 1338(a) and 1338(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants based on their selling the Infringing Products (as defined below) to purchasers in New York and shipping them to an address located in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(a) because Defendants do business in this District.  Additionally, Amazon is the agent of Defendants in connection with selling the Infringing Products (as defined below) and upon information and belief, Amazon does business in this District. Further, a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

A. **Plaintiff's Ownership of the Safavieh Design**

9. Prior to the acts of Defendants alleged herein, Safavieh created certain rug designs (the "Safavieh Design"), and the copyright therein was registered with the U.S. Copyright Office effective on July 27, 2016, bearing Registration No. VA0002011659 for Safavieh Item No. MNC243 (the "Safavieh Design").

10. The Safavieh Design contains material wholly original with Safavieh and constitute copyrightable subject matter under the Copyright Law of the United States.

11. Since at least as early as 2016, Safavieh has advertised for sale and sold rugs bearing the Safavieh Design on its website located at www.safavieh.com, and also on other websites including Amazon.com.

### B.  The Unlawful Activities of Defendants

12. Upon information and belief, defendant XLHOMO is a seller of rugs and other products.

13. XLHOMO sells its goods through Amazon.com.

14. Based on information provided by Amazon on the Infringing Product's sales page, starting in or around December 2023, without Plaintiff's authorization, consent or knowledge and without any remuneration to Plaintiff, Defendants imported, sold, advertised, and distributed rugs through Amazon.com under the brand name "Hoxcik".

15. Such rugs sold by Defendants (the "Infringing Rugs") are substantially similar in appearance to the Safavieh Design.

16. Indeed, the Infringing Rugs are identical or nearly identical in design to the rugs bearing the Safavieh Design. (True and accurate copies of the Safavieh Design next to the Infringing Rugs are annexed and made **Exhibit A** hereto.)

17. Upon information and belief, Defendants are manufacturing, importing, distributing, advertising and selling, or causing to be manufactured, imported, distributed, advertised and sold, the Infringing Rugs.

18. The Infringing Rugs are sold on Amazon in a variety of colors and sizes through the hyperlinks and the Amazon Standard Identification Numbers (ASINs) set forth in **Exhibit B**

hereto.

19. Upon information and belief, Defendants commenced offering the Infringing Rugs for sale to retailers and to the general public after Safavieh created and obtained U.S. copyright registrations for the Safavieh Design.

20. All of Defendants' acts as set forth herein were performed without the permission, license or authority of Safavieh.

21. As a result of Defendants' acts of copyright infringement and unfair competition, Safavieh has suffered damages and lost gains, profits and advantages, all of which Safavieh is currently unable to ascertain.

## COUNT I:
## FEDERAL COPYRIGHT INFRINGEMENT (17 U.S.C. § 101. et seq.)

22. Plaintiff repeats and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 of this Complaint with the same force and effect as if set forth herein.

23. The Safavieh Design is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et seq*. Safavieh is the exclusive owner of rights under copyright in and to the Safavieh Design and owns valid federal copyright registrations for them.

24. Defendants manufactured, imported, distributed, advertised and sold the Infringing Rugs, or caused to be manufactured, imported, distributed, advertised and sold the Infringing Rugs, that incorporate designs that are substantially similar to the Safavieh Design, without authority or consent from Safavieh, thereby infringing Safavieh's exclusive rights under copyright in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

25. The Infringing Rugs are substantially similar, if not identical, to the Safavieh Design which are the subjects of copyright registrations.

26. Defendants' acts constitute copyright infringement in violation of the exclusive rights of Safavieh under Section 106 of the Copyright Act, 17 U.S.C. § 106.

27. Defendants' infringement of Safavieh's rights under copyright is knowing and willful, has caused damages to Safavieh and enabled Defendants to profit illegally therefrom.

28. Defendants' conduct has caused and will continue to cause irreparable injury to Safavieh unless enjoined by this Court. Safavieh has no adequate remedy at law.

**WHEREFORE**, Plaintiff prays for the following relief:

1. Defendants, and their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it or them or any of them, be permanently enjoined and restrained from:

   (a) Using any designs, for rugs or for any other product, that incorporate, or are substantially similar to, the Safavieh Design;

   (b) Advertising, distributing, offering for sale, or selling any rugs or any other product that bear a design that is substantially similar to the Safavieh Design;

   (c) Doing any other act or thing likely to cause or attempt to cause injury to Safavieh, or the goodwill associated with Safavieh's business;

2. Defendants, and their respective officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it or them or any of them, be immediately, during the pendency of this action and permanently enjoined and restrained from infringing Safavieh's copyrights in any manner, and from selling, marketing or otherwise disposing of (including but not limited to any consignment of) any and all Infringing

Rugs, in any color scheme, size or shape,

      3.      Defendants be required to account to Safavieh for all gains, profits and advantages relative to Defendants' infringement of Safavieh's copyrights in the Safavieh Design;

      4.      Defendants be required to deliver for destruction all Infringing Rugs, catalogs, prints, labels, packaging, wrappers, receptacles, advertisements, promotional materials, sales literature, contracts, documents, materials, and the like in the possession, custody or control of Defendants, which might, if used, violate the injunction sought herein;

      5.      Defendants be required to recall and deliver to Safavieh for destruction all Infringing Rugs and infringing catalogs, prints, labels, packaging, wrappers, receptacles, advertisements, promotional materials, sales literature, contracts, documents, materials, and the like, in the possession, custody or control of Defendants or any of their officers, directors, servants, agents, employees, attorneys or other parties in active concert or participation with it or them or any of them;

      6.      Safavieh be awarded compensatory damages in an amount to be determined at trial;

      7.      In the alternative, at Safavieh's election, Safavieh be awarded statutory damages for willful infringement in the amount of $150,000 for each infringement against Defendants, pursuant to 17 U.S.C. § 504(c).

      8.      Safavieh have and recover from Defendants Safavieh's reasonable attorneys' fees, costs and disbursements of this civil action, pursuant to the Copyright Act, 17 U.S.C. § 505; and

9. Safavieh have such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 13, 2023

KAUFMAN & KAHN, LLP

By: /s/ Mark S. Kaufman
Mark S. Kaufman
10 Grand Central
155 East 44th Street, 19th Floor
New York, NY  10017
Tel.: (212) 293-5556
Email:  kaufman@kaufmankahn.com

*Attorneys for Plaintiff Safavieh Intl, LLC*