UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAFAVIEH INTL LLC, Plaintiff, -v- DONG HENG, d/b/a XLHOMO, et al., Defendants. | 24cv3682 (DLC) MEMORANDUM OPINION AND ORDER |

DENISE COTE, District Judge:

On May 13, 2024, plaintiff Safavieh Int'l LLC brought this action against defendant Dong Heng for copyright infringement.[1] In a letter of July 15, 2024, the plaintiff informed the Court that it has commenced service upon the defendant through the Chinese Ministry of Justice using the address defendant provided to Amazon.com, and advised the Court that such a process "may take between 18 and 24 months."

Since then, the plaintiff has filed three additional status reports regarding its ongoing attempt to serve the defendant in China. In its most recent report of July 2, 2026, the plaintiff confirmed that it has not received any acknowledgement from the Chinese Ministry of Justice to date and requested the Court's leave to serve defendant "by email, through Defendant's Amazon

[1] Plaintiff also brought the action against ten unknown Does, who it alleges are "the moving, active and conscious forces behind [Dong Heng]'s copyright, trademark and patent infringement."

contact information, or any other electronic means of communication that may be available."

The Second Circuit recently held that "email service on . . . Chinese defendants is prohibited by the Hague Service Convention, and thus improper under [Federal Rule of Civil Procedure] 4(f)(3)." Smart Study Co., Ltd. v. Shenzhenshixindajiexieyouxiangongsi, 164 F.4th 164, 172 (2d Cir. 2025) (citation omitted). It also acknowledged, however, that the Hague Convention "does not apply" when, "as set forth in Article 1 of the Convention, the address of the person to be served with the document is not known" and, in those circumstances, alternative methods of service may be permitted if they are "reasonably calculated, under all the circumstances, to apprise the defendant of the pendency of the action." Id. at 168 (citation omitted). An Order of July 13 described this law and ordered plaintiff, in the event that it still wished to request authorization to serve defendant via email, to file a motion for alternative service and a supporting memorandum of law no later than July 24, 2026.

Plaintiff filed such a motion and supporting memorandum of law on July 24. In the memorandum of law, plaintiff acknowledged the Smart Study Co. holding and reiterated that email service is consistent with the Hague Convention only "where there is no known address for defendant and service

complies with constitutional due process." Plaintiff then urged this Court to find that there was no known address for defendant because the address defendant provided to Amazon.com was written "in Chinese."

Plaintiff, however, does not contend that defendant's address itself is literally "not known." After all, plaintiff acknowledges that it obtained an address for defendant that the defendant had previously provided to Amazon.com. Instead, plaintiff argues that email service should be permitted because it exercised reasonable diligence to serve defendant and was unable to do so.

It is true that "[c]ourts in this Circuit have found an address is 'not known' if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." Ningbo Langyan Agel E-Commerce Ltd. v. Corps., LLCs, Partnerships, and Unincorporated Ass'ns Identified on Schedule A, No. 25cv58, 2026 WL 1494042, at *1 (S.D.N.Y. May 28, 2026). Courts in this Circuit have generally found that plaintiffs in possession of physical addresses for the defendant have exercised "reasonable diligence" after sending test mailings, visiting in person, and "conducting in-person investigations." See id. Plaintiff presents two arguments that it "exercised reasonable diligence" to discover a valid physical address for defendant but was

unsuccessful, so the Hague Convention does not apply. None is persuasive.

First, plaintiff argues that addresses written in Chinese characters (to denote locations in China) are "unknown" for Hague Convention purposes because "providing the address in Chinese indicated that Defendants did not want to be contacted by a U.S. litigant." Relatedly, plaintiff claims that it cannot serve defendant by mail at the address it received because defendant did not provide a phone number and "FedEx and UPSAir require a telephone number for delivery in China." Neither of these claims support a finding, however, that the address is "unknown."

Finally, plaintiff contends that defendant cannot be served via the Chinese Ministry of Justice, China's central authority for receiving service requests under the Hague Convention, because the Ministry has not yet acknowledged plaintiff's service request, filed two years ago on July 15, 2024. But the plaintiff had previously informed this Court that such a process "may take between 18 and 24 months." And the Second Circuit has confirmed that slow response times from the Ministry of Justice do not exempt plaintiffs from following the Hague Convention's requirements regarding the service of China-based defendants. See Smart Study Co., 164 F.4th at 166-67, 172 (noting that service of process through the Chinese Ministry of Justice may

"take months or years" but still rejecting email service as "prohibited by the Hague Convention").

As the Second Circuit has stated, "[w]e are, of course, mindful of the difficulties companies face in policing trademark- and copyright-infringement abroad, particularly in China." Id. at 173. "But the Hague Service Convention was not designed to ensure that the service of process in China is as efficient and fast as domestic service in the United States under the Federal Rules of Civil Procedure." Id. Plaintiff has failed to demonstrate that defendant's address is unknown and, thus, that the Hague Convention does not apply. Accordingly, it is hereby

ORDERED that plaintiff's July 24, 2026 motion for alternative service via email is denied.

Dated: New York, New York
August 13, 2026

Denise Cote

DENISE COTE
United States District Judge